The Dist. Township of Horton v. The Dist. Township of Ocheyedan.

pass upon the question discussed. We hold that the courts organized under chapter 143, Acts Sixteenth General Assembly, are lawfully established. If chapter 22, Acts Seventeenth General Assembly, be invalid, these courts are, nevertheless, tribunals created by a constitutional statute.

The foregoing discussion disposes of all questions arising in the case. The judgment of the court below is in accord with the law; it is, therefore,

AFFIRMED.

THE DISTRICT TOWNSHIP OF HORTON v. THE DISTRICT TOWNSHIP OF OCHEYEDAN ET AL.

1. Schools : ATTENDANCE IN ANOTHER DISTRICT. Children residing in one school district may attend school in another with the consent of the directors of the latter, provided their own school is not in session, and also provided they have not had the privilege of attending school twenty-four weeks in the year in their own district, and for such attendance their own district is liable to the district where they may attend.

2. ——— : ———: FILING OF ACCOUNT. Where the directors of the district in which the children reside, upon being notified of their attendance elsewhere, determine they will not pay their tuition, no further demand upon them is necessary, and the account may then be filed with the auditor.

*Appeal from Osceola District Court.*

THURSDAY, OCTOBER 10.

CERTAIN children residing in the plaintiff township attended school in the defendant township, and the latter filed a claim for the tuition with the county auditor, with the design and intent of having the amount thereof deducted from the apportionment of school money to be made to the plaintiff, and the same paid to the defendant.

This action was brought to enjoin such payment, and involved the question whether the plaintiff can legally be com-

pelled to pay such tuition. There was a decree for the plaintiff, and the defendants appeal.

*Chase & Taylor*, for appellants.

*H. Jordan*, for appellee.

SEEVERS, J.—There were two school-houses in the plaintiff township, within two miles of one of which the children in question resided. But there was only three months

**1. SCHOOLS: attendance in another district.** school in both these houses during the school year and both schools were in operation at the same time. There was no school in either of said houses at the time the children attended in the different township. It sufficiently appears that such attendance was with the knowledge and by the consent of the board of directors of the defendant. We are unable to find any testimony tending to sustain the allegation in the petition that the children were enticed or prevailed upon to so attend through or by reason of any bad faith or fraud on the part of the defendant or any of its officers. On the contrary, we think the evidence establishes the fact to be that the parents or guardians of the children in good faith believed, as there was no school in the plaintiff township, they had the legal right to attend school in the defendant township.

It is provided by statute that there shall be taught in each sub-district one or more schools, for at least twenty-four weeks in each year, unless the county superintendent shall be satisfied there is good and sufficient cause for the failure so to do. Code, § 1727. This statute, fairly construed, means that every child shall have the opportunity to attend school for twenty-four weeks in each school year. The plaintiff, therefore, failed to comply with the obligation imposed by statute. If the plaintiff had maintained a school for the statutory period, within two miles of the residence of the children, they should have attended there, and not gone to an adjoining district, unless the plaintiff had consented thereto.

If, for any reason, a school district desires to have less than twenty-four weeks school during a school year, it must apply to and satisfy the county superintendent that such course can with propriety be taken; otherwise the statutory obligation exists in full force.

The statute further provides that children residing in one district may attend school in another, in the same or an adjoining county, on such terms as the respective boards of directors may agree upon; but, if no such agreement is made, they may attend in such adjoining district, with the consent of the board of directors thereof, when they reside nearer to a school in said district, and two miles or more from any school in their own district. The board of directors of the district in which the children reside must be notified in writing of such attendance. Then follow provisions for the payment of the tuition by one district to the other. Code, § 1793.

As has been said there was no school in the plaintiff district at the time the children attended in the defendant district and the school attended was nearer than any other.

It will be seen there is express warrant in the statute for the course taken by these children, and the defendant, in consenting to such attendance. The obligation of the plaintiff to pay is, therefore, complete, unless, for some other reason, the statutory obligation does not exist.

So far, we judge from the record, we are in accord with the finding of the learned judge of the District Court, but he con-

2. —: —: cluded until there was a demand made by the
filing of ac-
count.     defendant for the tuition, and a refusal by the plaintiff to pay the amount claimed, it could not be collected by filing the account in the auditor's office, as provided by statute. In thus concluding the learned judge was undoubtedly correct, unless a demand was waived or rendered unnecessary by the conduct of the plaintiff.

Shortly after the children commenced attending the school the defendant notified the plaintiff in writing of such fact, and that defendant's board of directors had consented thereto.

Some two or three weeks or more thereafter, at a meeting of the plaintiff's board of directors, called for the express purpose of taking into consideration the question presented in the notice, it was determined not to pay for the tuition of said children. A resolution to that effect was adopted, entered of record, and the defendant notified thereof.

Under such circumstances a demand was not required. The law does not require a useless thing. The object of the statute in requiring a demand is to enable the respective districts to settle and adjust the controversy without the necessity of filing the claim in the auditor's office. It is evident a demand would not have had this effect. It was, therefore, useless.

REVERSED.